## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JOHNNY GROSE                                                                          PLAINTIFF

V.                                                        CAUSE NO. 4:25-CV-00084-RPC-JMV

MISSISSIPPI DEPARTMENT OF CORRECTION, et al.                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Johnny Grose who challenges the conditions of his confinement under 42 U.S.C.§ 1983.  Upon due consideration of Grose's allegations and the applicable authority, the Court finds that Grose's claims should be dismissed for failure to state a claim upon which relief can be granted.

### Screening Standards

Because Grose has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA").  *See* 28 U.S.C. § 1915(e)(2).[2]  Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief."  *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1]*See* Doc. #12.
[2]*See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations and Procedural Posture

Grose, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), is currently housed at the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi. Doc. # 1 at 2. In his complaint, Grose alleges that he has lost nearly ninety percent of vision in his left eye. Doc. # 1 at 4-5; *see also* Doc. # 1-1.

According to Grose, he was diagnosed with a cataract in his left eye and over a four-year period was scheduled for surgery numerous times only to have the surgery cancelled because MDOC/MSP failed to provide appropriate transportation. *Id.* Transportation is an issue because Grose is confined to a wheelchair and requires a handicap accessible bus/van which he alleges has consistently been out of service or otherwise unavailable when needed. *Id.*

Grose names MDOC and MDOC Chief Medical Director Dr. Ralph Bell as Defendants in this action. Doc. # 1 at 2. By way of relief, Grose seeks compensatory damages for his alleged pain and suffering in the amount of $25,000,000.00 and further requests injunctive relief, namely that MDOC be ordered to provide him with the surgery to remove the cataract from his left eye. Doc. # 1 at 5.

On August 11, 2025, the Court entered an Order directing Grose to show cause why this case should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 21. Grose filed his response to the show cause order on September 3, 2025. Doc. # 23. That response wholly failed to address the issues raised by the show cause order. *See id.* That same date, Grose also filed a motion to amend his complaint to add three MDOC/MSP

officials.  Doc. # 24.  Grose's motion was denied as futile by Order entered September 11, 2025.

Doc. # 25.

## MDOC Not a "Person" Under 42 U.S.C. § 1983

As an initial matter, the complaint fails to state a claim against MDOC under Section 1983 because MDOC is not a "person" within the meaning of that statute.  Section 1983 provides, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to maintain an action under Section 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The State of Mississippi is not amenable to suit under this statute because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is considered an arm of the State of Mississippi.  *See* Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.,* 2006 WL 1666258 (S.D. Miss. June 12, 2006).  Consequently, Grose's claims against MDOC should be dismissed for failure to state a claim upon which relief could be granted, as MDOC is not a proper defendant under 42 U.S.C. § 1983.

## **Supervisor Liability**

Moreover, Grose's allegations against MDOC's Chief Medical Director Dr. Ralph Bell fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Grose's complaint contains no allegations whatsoever as to Dr. Bell. Likewise, the attachments to the complaint contain no such allegations.[3] As such, it appears that Dr. Bell has been named as a defendant in this action merely due to his position of authority, i.e. as Chief Medical Director, within MSP/MDOC; thus, he should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of

---

[3] The Court notes that some of the handwritten portions are illegible, but the portions that *are* legible lacked any factual allegations as to Dr. Bell.

4

action.").  Grose's claims against Defendant Dr. Ralph Bell, therefore, should be dismissed for failure to state a constitutional question.

<u>Conclusion</u>

Based on the foregoing discussion, the Court finds that Grose has failed to state a cognizable constitutional claim.  Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Grose is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury.  28 U.S.C. § 1915(g).  A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 12th day of February, 2026.

*Robert P. Chamberlin*
_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**